Pratt, J.
In order to sustain the judgment the respondent invokes the rule that a servant put into a dangerous employment should be properly instructed and warned against latent dangers. This rule is subject to a limitation *22 that where the dangers are obvious or are well known to the servant the instruction and warning-not being necessary, are not required.
In the present case it does not appear that the employment could fairly be considered dangerous. Some of the witnesses had been in the business for many years, none of them had ever heard of such an accident before.
Nor does it appear that instruction could make such danger as existed any more obvious than it must have been at the first glance to any person possessed of average intelligence.
It does affirmatively appear from the testimony introduced by plaintiff, that a very complete and startling notice was given of the possible consequence of being caught in the cog wheels, viz.: When the girl’s dress was entangled in the wheels and destroyed.
If such a warning did not induce care, it is not probable that any verbal notice would be of use. It must be borne in mind that instruction was given the witness, which, if followed, would have prevented the accident.
_ We do not think the alleged instruction to ink one particular press, where there were no dangerous wheels in view, in a different manner, takes away the effect of the instructions already given.
Manifestly after such a warning it cannot be claimed that the servant was ignorant of the dangers to which she was exposed.
It is proper to remark that no claim is made of any unusual or extraordinary peril connected with the machinery. The press was of ordinary make, such as has been used for many years, and no defect in its construction is suggested.
We fail to find any ground upon which the judgment can be sustained, and think the motion for nonsuit should have been granted.
It is proper to remark that the testimony of plaintiff’s principal witness was entirely without corroboration.
According to the testimony of numerous witnesses the injury was due entirely to her own negligence, against which she had been repeatedly warned. The preponderance of testimony in favor of defendants would have justified a dismissal of the complaint on that ground. .
Judgment reversed. New trial ordered, costs to abide event.
Barnard, P. J., and Dykman, J., concur.